IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EARL RICE | § | |
| v. | § | CIVIL ACTION NO. 5:13cv82 |
| B. WILLIAMS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Earl Rice filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff has named eight Defendants in his currently active amended complaint. They are: Jeffrey Calfee, Thomas Prasifika, Lorie Davis, Jonie White, Jennifer Smith, Vance Drum, Darrell McCracken, and James Mossbarger. Of these persons, Calfee is a warden at the Telford Unit and the other persons are members of the Director's Review Committee.

I. The Plaintiff's Complaint

Rice states he received a major disciplinary case for possession of contraband (money) after a visit from his brother Earnest Rice and his mother Ivogene Rice. Two weeks later, on November 15, 2011, he was notified that Earnest and Ivogene Rice had been removed from his visitation list.

Rice was convicted on the disciplinary charges on November 21, 2011, but on May 14, 2012, the disciplinary conviction was overturned by Elaina Fields, Program Supervisor III in the Region II office. Rice attached documentation showing that the conviction was overturned because "a procedural error was noted."

1

After the case was overturned, Rice asked the Director's Review Committee to place Earnest and Ivogene Rice back on his visitation list, but they refused to do so. Rice stated Warden Calfee denied the visitation privileges first, and then the Committee approved this decision. He contends the failure to place his mother and brother back on his visitation list after the case was overturned violates his right to due process as well as his right to freedom of speech and association.

II. The Defendants' Motion for Summary Judgment

The Defendants answered the lawsuit and filed a motion for summary judgment stating the disciplinary case was overturned because the hearing officer did not sign the paperwork at the conclusion of the hearing. They assert visitation is a privilege which may be restricted if a visitor violates TDCJ rules and the overturning of the disciplinary case on a procedural error does not affect the Director's Review Committee's decision not to reinstate the visitation privileges of Rice's mother and brother.

The Defendants contend Calfee was not a member of the committee and had no personal involvement with the decision to remove Earnest and Ivogene Rice from the visitation list, adding that Rice has not shown the violation of a constitutional right. They cite a message from a TDCJ official named Cynthia Skipper which states Rice left the visitation area and Captain Rice pat-searched him, discovering a $100 bill rolled up tightly in toilet paper. The disciplinary case was overturned due to the technical error of the hearing officer's failing to sign the form at the conclusion of the hearing. Because of this error, Rice's classification status was restored, as was his 1000 days of good time credits. Skipper went on to state that although the case was overturned, Rice was nonetheless guilty of possession of a $100 bill after his visit with Earnest and Ivogene Rice.

III. The Plaintiff's Response

In response, Rice argued Calfee did have personal involvement, there was no evidence showing whether the conviction was overturned because the hearing officer did not sign the form or because the evidence was insufficient to sustain a finding of guilt, and no reason was given for the reversal other than "a procedural error was noted and that the Administration had an option to

2

rehear the case." He contends the evidence at the hearing showed the contraband was found behind a wagon cart on the floor, not on his person, and he denied having possession of the money; Rice maintains the case was overturned on this basis and not because of a failure to sign the form. He also argues the Defendants are not entitled to qualified immunity because the First Amendment prohibits prison officials from subjecting prisoners to denial of visitation privileges, citing Overton v. Bazzetta, 539 U.S. 126 (2006).

IV. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and the lawsuit dismissed. The Magistrate Judge stated that in Overton, the State of Michigan had imposed regulations governing visitation which the district court held invalid and the Sixth Circuit affirmed. The Supreme Court reversed this determination, holding that prisoners do not retain rights inconsistent with proper incarceration and freedom of association is one of the rights least compatible with incarceration. The Supreme Court declined to explore or define the right of freedom of association in the prison context in any great detail because the regulations involved bore a rational relation to legitimate penological interests and thus were upheld.

To the extent Rice challenged the TDCJ regulations themselves, the Magistrate Judge stated the claim was without merit because these regulations are rationally related to a legitimate penological interest. However, Rice's primary challenge was to the application of those regulations to him. Contrary to Rice's claims, the Magistrate Judge stated the summary judgment evidence showed his disciplinary case was overturned on the procedural ground that the hearing officer failed to sign the form at the conclusion of the hearing, not because the evidence was insufficient to support the verdict. The overturning of the case on this basis did not affect the prison officials' determination that Earnest and Ivogene Rice had passed contraband to Rice in the form of a $100 bill, and this determination justified their removal from his visitation list regardless of a procedural error made at the hearing.

3

The Magistrate Judge also stated visitation privileges do not implicate constitutionally protected liberty interests but are a matter subject to the discretion of prison officials, and concluded Rice failed to show an abuse of this discretion. Rice is not completely cut off from all contact with his mother and brother because he can write to them or use the TDCJ telephone system if available. Finally, the Magistrate Judge determined the Defendants are entitled to qualified immunity because Rice did not show their conduct violated any clearly established constitutional or statutory rights of which a reasonable prison official would have known or that the actions of the Defendants were objectively unreasonable in light of clearly established law.

V. The Plaintiff's Objections

Rice identifies seven specific objections to the Magistrate Judge's Report, of which the first three involve his contention that the disciplinary hearing was not overturned because the hearing officer failed to sign the form. He states that the sufficiency of his claim hinges on whether or not Fields overturned the case because the hearing officer failed to sign the paperwork, saying "the record does not support the Defendants' version of the facts pertaining to the reversal of his disciplinary case."

The summary judgment evidence contains an inter-office communication from Elaina Fields to Rice which reads as follows:

> Disciplinary case #0120063720 has been reviewed. Upon review, a procedural error was noted. Disciplinary case #20120063720 will be overturned by the Telford Unit Administration with the unit's option to rehear the case.

A set of visitation notes reads as follows:

> Warden Calfee states during visitation, $100 bill was introduced into the facility. Due to the contraband being found on [sic[ rolled up tight in toilet paper on the offender's person, a major use of force occurring after the visit. The case was overturned due to a technical error of the DHO failing to sign the I-47MA at the completion of the hearing. Due to this error the offender's S3 status was restored and his 1000 days of good time was restored. While this case did get overturned on a technical issue the offender was guilty of possession of $100 bill after visiting with MO and BRO. Warden recommends not restoring privileges for either visitor. Visitors state they would like to be reconsidered for visitation. Offender states he UCC [sic] overturned the disciplinary case. Can he see his family again please?

An email from Cynthia Skipper, an official with the Institutional Department of TDCJ, to Brittany Williams, an official with the Operations Department, reads as follows:

> Capt Martin was pat searching the offender after he left the visitation area when he noticed a $100 bill rolled up tight in toilet paper which resulted in a use of force that caused injuries beyond first aid to Capt Martin. The case was overturned due to a technical error of the DHO failing to sign the I-47MA at the completion of the hearing. Due to this error the offender's S3 status was restored and his 1000 days of good time was restored. While this case did get overturned on a technical issue the offender was guilty of possession of $100 bill after his visit with Earnest Rice and Ivogene Rice.

As the Magistrate Judge determined, the summary judgment evidence shows that the disciplinary case was overturned because of the procedural violation that the hearing officer did not sign the form at the conclusion of the hearing, not because the evidence was insufficient. The fact Rice was not informed of the specific procedural error committed does not alter the nature of that error. Rice's first three objections are without merit.

Fourth, Rice challenges the Magistrate Judge's conclusion that no abuse of discretion was shown. The summary judgment evidence shows Rice was discovered with contraband after a visit from his mother and brother and a use of force occurred in which Captain Martin sustained some injuries. Given that restrictions on visitation do not implicate any constitutionally protected liberty interests, *see* Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999), Rice has not shown an abuse of discretion. This objection is without merit.

Rice's fifth and sixth objections concern the Magistrate Judge's conclusion that the Defendants are entitled to qualified immunity. Rice's pleadings do not reflect that the Defendants acted in an objectively unreasonable manner or that all reasonable officials similarly situated would have known that the actions of the Defendants violated the Constitution. Tolan v. Cotton, 713 F.3d 299, 204 (5th Cir. 2013); Thompson v. Upshur County, 235 F.3d 447, 460 (5th Cir. 2001). These objections are without merit.

In his seventh objection, Rice takes issue with the Magistrate Judge's determination that there are no disputed issues of material fact and the Defendants are entitled to judgment as a matter of law. He argues at length that the question of why the disciplinary case was dismissed is a disputed

question of fact, but he offers nothing to suggest that the case was dismissed for any reason other than the one which appears in the summary judgment evidence. His contention that the case was dismissed for lack of evidence, rather than the procedural error of failure to sign the form at the conclusion of the hearing, is entirely speculative and cannot withstand a properly supported motion for summary judgment. *See* Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000) (conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion). Rice's objections are without merit.

VI. Conclusion

The Court has conducted a careful *de novo* review of all of the pleadings and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 36) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket no. 34) is **GRANTED**. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 11th day of September, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE