IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EARL RICE | § | |
| v. | § | CIVIL ACTION NO. 5:13cv82 |
| B. WILLIAMS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Earl Rice, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rice complained on October 29, 2011, he received a major disciplinary case for possession of contraband (money) after a visit from his brother Earnest Rice and his mother Ivogene Rice. On November 15, 2011, he was notified his mother and brother had been removed from his approved visitation list due to their alleged involvement in introducing money onto the unit and giving it to him during a visit. He was found guilty on the disciplinary case and appealed the guilty verdict without success, but relief was subsequently granted by Elaina Fields, a program supervisor in the Region II office. Documents furnished by Rice state the case was overturned because "a procedural error was noted."

After the case was overturned, Rice asked the Director's Review Committee to have his mother and brother put back on his approved visitation list, but the Committee refused. Rice claims

the failure to place his mother and brother back on his visitation list after the case was overturned violated his right to due process as well as his right to freedom of speech and association.

In response to the lawsuit, the Defendants stated the disciplinary case was overturned because the hearing officer did not sign the paperwork at the conclusion of the hearing. This procedural error did not affect the decision of the Director's Review Committee to deny the request for reinstatement of visitation privileges. The Defendants also asserted Rice cannot show the violation of a constitutional right and invoked qualified immunity.

Rice maintains there was no evidence the case was overturned because the hearing officer did not sign the form. He stated he raised insufficiency of the evidence on appeal, not the failure of the hearing officer to sign the form, and argued the case was actually overturned based on the lack of evidence, although he points to no documentation citing lack of evidence to overturn the case. Rice also argued the First Amendment prohibits prison officials from subjecting prisoners to denial of visitation privileges.

The district court granted the Defendants' motion for summary judgment and dismissed the lawsuit, concluding the disciplinary case was overturned on procedural rather than evidentiary grounds, and the fact his disciplinary case was overturned for procedural reasons did not entitle him to the restoration of visitation privileges with persons who sought to convey contraband to him. The district court also concluded the Defendants were entitled to qualified immunity.

Rice then filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), arguing the judgment should be altered based on the "unresolved issue" of why the disciplinary case was overturned. He states the inter-office communication he received from Elaina Fields simply states a procedural error was noted and the case would be overturned with the option to rehear, but did not identify the procedural error. Rice acknowledges Warden Calfee "insinuated" the case was overturned because of the failure by the hearing officer to sign the form, but maintains there is a genuine issue of material fact precluding the granting of summary judgment.

2

The Magistrate Judge issued a Report recommending Rice's motion to alter or amend the judgment be denied. The Magistrate Judge determined the summary judgment evidence showed the disciplinary case was overturned on procedural grounds, stating "no documents in the record suggested the disciplinary case was overturned based on insufficient evidence." The Magistrate Judge also stated the information available to the Defendants showed the disciplinary case was overturned based on a procedural error and they acted reasonably given the information they possessed; thus, the Defendants were entitled to qualified immunity.

In his objections, Rice contends the summary judgment evidence shows the disciplinary case was overturned because the evidence was insufficient, but he points to no documents or other evidence substantiating this claim. He then goes on to state "the summary judgment evidence does not show the specific procedural error was ]sic] committed" and states "without an explanation from Elaina Fields, the reviewing authority on appeal, we are in a genuine dispute over material facts that are unresolved."

Rice's objections are without merit. Nothing in the record indicated the disciplinary case was overturned for evidentiary insufficiency. Instead, the summary judgment evidence shows the case was overturned because of the procedural error of the hearing officer's failure to sign the form at the conclusion of the hearing. Rice did not object to or address the Magistrate Judge's determination that the Defendants were entitled to qualified immunity.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (ECF TXED 5:13-cv-82, 42) is DENIED. Fed. R. Civ. P. 59(e).

**SIGNED this 4th day of August, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE